UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

ESTATE OF LUSHEENA WATTS,

        Plaintiff,

v.                                                            Case No. 07-CV-644

AARON M. HEINE and MILWAUKEE COUNTY,

        Defendants.

WISCONSIN COUNTY MUTUAL INSURANCE
CORPORATION,

        Intervenor Plaintiff.

_____

# ORDER

This matter appears before the court on a Motion for Bifurcation and Stay on the issue of insurance coverage filed by one defendant's liability insurer. Based on considerations of delay, judicial economy, and cost to the primary parties, the court denies the motions.

On July 19, 2007, plaintiff Estate of Lusheena Watts ("Estate") filed an action against defendants Aaron Heine ("Heine") and Milwaukee County alleging causes of action under 42 U.S.C. § 1983 for violations of constitutional rights, as well as state law claims for assault and battery, false imprisonment, intentional infliction of emotional distress, and defamation. The Estate's claims arise out of a sexual assault by Milwaukee County Deputy Sheriff Heine that occurred while Lusheena Watts was incarcerated at the Milwaukee County Jail. The Estate named both Heine and Milwaukee County as defendants in its action. At the time of Heine's sexual

assault, Milwaukee County held a policy of Public Entity Liability insurance issued by Wisconsin County Mutual Insurance Corporation ("WCMIC"). On October 1, 2007, WCMIC filed a Motion to Intervene, Bifurcate and Stay. On October 31, 2007, the court entered an Order granting WCMIC an intervention and allowing additional time for the parties to respond to the Motions to Bifurcate and Stay. For the reasons stated below, the court denies the remaining motions for bifurcation and stay.

A court may bifurcate and stay claims or issues for trial under Fed. R. Civ. P. 42(b) and the decision is at the court's discretion. *Houseman v. United States Aviation Underwriters*, 171 F.3d 1117, 1121 (7th Cir. 1999). The Federal Rule authorizes bifurcation in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy. *Trading Techs. Int'l v. eSpeed, Inc.*, 431 F.Supp.2d 834, 836 (N.D.Ill. 2006). Given that a court is expected to act to secure the just, speedy, and inexpensive determination of every action, bifurcation remains the exception and not the rule. *Id.* at 836-37.

WCMIC requests a bifurcation of insurance coverage issues from the merits of the case, as well as a stay on liability proceedings until the issue of coverage is resolved. WCMIC argues that bifurcation and stay is the preferred procedure in Wisconsin for resolving coverage disputes and has been approved by the Seventh Circuit. WCMIC further alleges that bifurcation and stay will expedite resolution of the case and contain costs for the parties. In contrast, the plaintiff and defendants argue that bifurcation and stay will produce undue delay and cost, that bifurcation and stay are not the mandatory or exclusive procedural method, and that a coverage

determination will require resolution of an issue of fact.  In response to the argument that coverage will depend on a factual determination, WCMIC asserts that a bifurcation and stay would resolve the issue of coverage because it can be decided as a matter of law.

This court denies WCMIC a bifurcation and stay on the issue of coverage. Though WCMIC argues that bifurcation of coverage issues is the method preferred by Wisconsin courts, this court is not bound by the procedural propensities of state courts.  The Seventh Circuit has stated that a district court *may* grant an intervening insurer's request for a bifurcated trial on the issues of coverage and liability. (emphasis added) *Carney v. Village of Darien*, 60 F.3d 1273, 1277 (7th Cir. 1995). However, it is by no means required to do so.  The decision to grant or deny bifurcation is solidly within the court's discretion.  *Houseman*, 171 F.3d at 1121.

Considerations of economy are central for the court in deciding whether to grant a bifurcation and stay.  Determining the issue of coverage through a separate proceeding will delay the ultimate resolution of the case and generate greater cost for the primary parties.   Further, resolution of coverage under the insurance policy will require a determination of whether Heine was acting "within the scope of employment" at the time of the sexual assault. *WCMIC Reply Brief* at 5. This determination cannot be made as a matter of law because a reasonable trier of fact could conclude that Heine's supervision of and interaction with inmates, both inside and outside of their cells, was part of his job and the sexual assault was only made possible by virtue of his status as a deputy sheriff. *Graham v. Sauk Prairie Police*

-3-

Case 2:07-cv-00644-JPS   Filed 08/25/08   Page 3 of 4   Document 45

*Com'n.,* 915 F.2d 1085, 1094-95 (referring to the facts of *Desotelle v. Continental Cas. Co.*, 136 Wis.2d 13, 400 N.W.2d 524 (Wis. Ct. App. 1986) and stating: "a jury could reasonably conclude that the deputy's investigation of underage drinking was an activity for which he was hired and the sexual assault was made possible only by virtue of his status as a police officer"). In addition, the scope of employment issue is closely related to the question of whether Heine was acting "under color of law," which the Estate must show to prove its § 1983 claim. *Wilson v. City of Chicago*, 120 F.3d 681, 684 (7th Cir. 1997). As a result, these issues can be most efficiently addressed in one proceeding instead of two. Therefore, the court denies WCMIC's motions for bifurcation and stay.

Accordingly,

**IT IS ORDERED** that WCMIC's motions to Bifurcate and Stay (Docket #11) be and the same are hereby **DENIED.**

Dated at Milwaukee, Wisconsin, this 25th day of August, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge