# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

ESTATE OF LUSHEENA WATTS,

        Plaintiff,

  v.                                            Case No. 07-CV-644

AARON M. HEINE AND MILWAUKEE COUNTY,

        Defendants.

_____

## ORDER

On July 19, 2007, plaintiff Estate of Lusheena Watts ("Estate") filed an action against defendants Aaron Heine ("Heine") and Milwaukee County alleging causes of action under 42 U.S.C. § 1983 for violations of constitutional rights, as well as state law claims for assault and battery, false imprisonment, intentional infliction of emotional distress, and defamation. Her claims arise out of a sexual assault by Milwaukee County Deputy Sheriff Heine that occurred while she was incarcerated at the Milwaukee County Jail. On October 18, 2007, Milwaukee County moved to dismiss the complaint or, in the alternative, for judgment on the pleadings. For the reasons stated below, the court denies the Motion to Dismiss and the Motion for Judgment on the Pleadings.

## BACKGROUND

On July 26, 2005, Lusheena Watts ("Watts") was in custody as a pretrial detainee and was confined in the Milwaukee County Jail infirmary. (Compl. ¶ 5). Heine was the Milwaukee County Deputy Sheriff on duty in the infirmary on that

date. (Compl. ¶ 4). As Watts prepared to shower, Heine looked through the door of her cell and instructed Watts to lower her t-shirt so that he could see her breasts. (Compl. ¶ 6). Heine entered Watt's cell while she was unclothed and showering, brought her a towel, and briefly touched her nipple. (Compl. ¶ 7). Heine re-entered Watts' cell later while she was using the toilet, touched Watts in her vaginal area, and asked if she prostituted herself and if she liked sex. (Compl. ¶ 9). Heine also rubbed his penis on Watts' exposed buttocks. (Compl. ¶ 10). Heine then followed Watts to her bed, trapped her, and forced her to perform oral sex on him. (Compl. ¶ ¶ 12-13). After Watts threatened to report Heine, he told a second Milwaukee County Deputy that Watts threatened to accuse him of raping her if he did not provide her bail money. (Compl. ¶ ¶ 18, 20). The two deputies then reported the allegations to a Milwaukee County Sheriff's Department Lieutenant. (Compl. ¶ 21). After an investigation of the matter, Watts was taken to a sexual assault treatment center and examined. (Compl. ¶¶ 28-29). Heine was later tried and convicted of Second Degree Sexual Assault - Sexual Assault by a Correctional Staff Member and Second Degree Sexual Assault - Use of Force. (Compl. ¶ 34). Based on these events, the Estate alleges a violation of Watts' constitutional rights pursuant to 42 U.S.C. § 1983, as well as Assault and Battery, False Imprisonment, Intentional Infliction of Emotional Distress, and Defamation. (Compl. ¶ ¶ 35-55). The Estate names both Heine and Milwaukee County as defendants and alleges that the County is responsible to pay any judgment against Heine in excess of applicable insurance, pursuant to Wis. Stat. § 895.46. (Compl. ¶ 3).

**ANALYSIS**

Milwaukee County asserts that the court should dismiss it from the lawsuit because the Estate fails to state a claim against the County. First, Milwaukee County argues that any claims against it are premature because Wis. Stat. § 895.46 only requires the County to indemnify Heine as an officer after a judgment is entered against him and after a determination that Heine was acting within the scope of his employment. Second, Milwaukee County argues that it will never be liable for Heine's acts because sexual misconduct is outside the scope of Heine's employment.

Motions for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) and motions to dismiss pursuant to Fed. R. Civ. P. 12(b) are both subject to the same standard. *United States v. Wood*, 925 F.2d 1580, 1581 (7th Cir. 1991). Under this standard, the court must view all of the facts in a light most favorable to the non-moving party. *Id.* The court may then grant the motion only if it is "beyond doubt that the non-movant can plead no facts that would support his claim for relief." *Id.*

Milwaukee County argues for dismissal based on the fact that the plaintiff does not state any direct claim against it. However, under Wis. Stat. § 895.46,[1] Milwaukee County must indemnify Heine for any damages or costs above the

---

[1] Wisconsin Statute § 895.46(1)(a) reads in relevant part:

If the defendant in any action or special proceeding is a public officer or employee and is proceeded against in an official capacity or is proceeded against as an individual because of acts committed while carrying out duties as an officer or employee and the jury or the court finds that the defendant was acting within the scope of employment, the judgment as to damages and costs entered against the officer or employee in excess of any insurance applicable to the officer or employee shall be paid by the state or political subdivision of which the defendant is an officer or employee.

-3-

amount of an applicable insurance policy if a judgment is entered against him and if he was "acting within the scope of employment" when he committed the acts. Milwaukee County acknowledges that it must indemnify Heine if the court determines that he acted within the scope of employment, but asserts that this determination is irrelevant to the elements of the Estate's claims for § 1983 violations, Assault and Battery, False Imprisonment, Intentional Infliction of Emotional Distress, and Defamation. Milwaukee County argues it should be dismissed from the lawsuit because Wis. Stat. § 895.46 only applies *after* a judgment is entered, thereby the action against it is premature. In contrast, the Estate argues that joinder of Milwaukee County is supported under the law as permissible prejudgment joinder.

Milwaukee County correctly states that the plaintiff need not establish that Heine acted within the scope of employment to prove either her claims for § 1983 civil rights violations, or her state law tort claims. A plaintiff in a § 1983 action is required to prove that she was wronged at the hands of public officials acting under color of law. *Cameron v. City of Milwaukee*, 102 Wis.2d 448, 454, 307 N.W.2d 164, 167 (1981). However, a "color of law" finding under § 1983 does not automatically establish that an employee acted within the "scope of employment" under the § 895.46 indemnity statute because the "scope of employment" is a narrower category. *Graham v. Sauk Prairie Police Com'n.*, 915 F.2d 1085, 1093 (7th Cir. 1990). Milwaukee County also correctly asserts that Wis. Stat. § 895.46 only applies to an indemnitor if a judgment of liability is entered. *Cords v. Ehly*, 62 Wis. 2d 31, 38,

214 N.W.2d 432, 435 (1974).² Therefore, Milwaukee County would not be a necessary party to the proceedings to determine whether Heine is liable for the Estate's § 1983 and state tort claims. Though Milwaukee County may not be a *necessary* party at this stage of the proceedings, the County's continued presence as a party is both appropriate under the law and efficient.

Wisconsin statute § 895.46 permits the Estate to bring a prejudgment, direct action against Milwaukee County because the County is the potential indemnitor and Heine, the potential indemnitee, is a party to the suit. The Wisconsin Supreme Court construes Wis. Stat. § 895.46 to allow a direct action against the indemnitor by the party in whose favor judgment against the indemnitee is entered. *Bell v. Milwaukee*, 536 F. Supp. 462, 476 (citing *Fiala v. Voight,* 93 Wis.2d 337, 347-48, 286 N.W.2d 824 (1980); *Larsen v. Lester*, 259 Wis. 440, 49 N.W.2d 414 (1951)). In addition, Wisconsin case law allows prejudgment joinder under Wis. Stat. § 895.46 of governmental units, other than the state, in actions against their employees or officers. *Fiala v. Voight*, 93 Wis.2d 337, 348, 286 N.W.2d 824, 830 (1980) ("local governmental units not protected by the doctrine of sovereign immunity are susceptible to joinder as indemnitors"). The court in *Bell v. Milwaukee* referenced direct actions by plaintiffs against indemnitors under Wis. Stat. § 895.46 when it stated: "The Wisconsin cases that have allowed direct action are all cases in which the indemnitee was **also** a party to the suit against whom any judgment would work."

---

²*Cords v. Ehly* references Wis. Stat § 270.58, which is the predecessor to the current Wis. Stat. § 895.46. *Broome v. Percy*, 470 F. Supp. 633, 636 (E.D.Wis. 1979).

-5-

(emphasis added) 536 F. Supp. 462, 476 (E.D.Wis. 1982). This statement suggests that a plaintiff may properly bring suit against a defendant officer and his indemnifying governmental unit simultaneously. Though Milwaukee County cites Bell's statement that "without a judgment against someone entitled to indemnification, there is nothing for the City to indemnify" to support its position, the statement does not apply to the present case. In *Bell*, the court refused to enforce indemnity liability against the City because the individuals responsible for the damages were not named as parties to the suit. 536 F. Supp. at 476-77. In contrast, Heine is a party to the present lawsuit. Therefore, Milwaukee County may appropriately remain a defendant as Heine's potential indemnitor.

Moreover, the court's refusal to dismiss Milwaukee County promotes the efficient, ultimate resolution of this case. If Milwaukee County is no longer a party to the lawsuit, and the plaintiff Estate prevails on its claims against Heine, the Estate must then institute separate proceedings to pursue payment by the County under Wis. Stat. § 895.46. Instead of pursuing liability and payment of the judgment in individual proceedings, the Estate effectively asks the court to enter a declaratory judgment against the County that would take effect when and if a judgment against Heine is entered and no longer contestable. *See Wilson*, 120 F.3d 681, 685 (7th Cir. 1997). This request is a typical move when an insurer, or indemnifying governmental unit, is in the picture and is not invalidated by its conditional character. *Id*. Maintaining Milwaukee County as a party will speed the ultimate resolution of all aspects of the plaintiff's case. *See id* ("We would be more sympathetic to the City's

-6-

argument [that the statute only comes into play when a judgment is formally entered against its employee] if we could see any benefit from forcing [the plaintiff] to wait until final judgment was entered against [the defendant employee] and made incontestable by exhaustion of his appellate remedies. It would still be possible for [the plaintiff] to seek to collect the judgment by ancillary proceedings against the City. All that would be involved would be delay and maybe a little more paperwork").

In addition, the issue of whether Heine acted "within the scope of employment," triggering § 895.46 indemnity by the County, may be efficiently addressed within the present lawsuit. The Estate's § 1983 claim already requires it to show that Heine acted "under color of state law." This determination is "closely related" to the issue of whether an officer acted within the scope of his employment, though the two are not equivalent determinations. *Wilson*, 120 F.3d at 684. Therefore, maintaining Milwaukee County as a party promotes judicial economy.

Milwaukee County also argues that it should be dismissed because Heine's sexual misconduct is outside the scope of his employment; thus, the County will never be required to indemnify him under Wis. Stat. § 895.46. However, this court cannot make a preemptory finding that Heine's actions, in their entirety, fell outside the scope of his employment. An act is within the scope of employment only if it is a natural part or incident of the service contemplated, or if it is closely connected with what the servant is employed to do, and so fairly and reasonably incidental to it, that it may be regarded as a method, even though an improper one, of carrying out the objects of the employment. *Graham*, 915 F.2d at 1093. To act within the

scope of employment, an employee must be motivated, at least in part, by a purpose to serve his employer. *Id.* Therefore, a defendant's actions may be within the scope of employment if some of the actions involved performance of duties of a deputy sheriff, but employed improper methods of carrying out those duties. *Hibma v. Odegaard*, 769 F.2d 1147, 1153 (7th Cir. 1985) (citing *Bell v. City of Milwaukee*, 536 F. Supp. 462 (E.D.Wis. 1982)).

Actions that facilitate or constitute a crime may still fall within the scope of employment. In *Hibma v. Odegaard*, the Seventh Circuit reversed the district court's grant of judgment notwithstanding the verdict after a jury found that three defendant deputy sheriffs undertook some of their actions within the scope of employment when they framed the plaintiff to cover crimes they themselves committed. 769 F.2d at 1153. The court recognized that participation in investigations, reporting to superiors, and giving testimony about an accused burglar were designed to further the objectives of the county, despite the fact that "they were unquestionably designed to further [the deputy sheriffs'] own objectives of escaping punishment for their own wrongdoing." *Id.* In making this determination, the *Hibma* court also relied on *Bell v. City of Milwaukee*. *Id.* In *Bell*, two policemen planted evidence, filed false reports, and gave fabricated testimony to conceal the true nature of a fatal shooting. 536 F. Supp. at 478. The *Bell* court found that the defendants' actions were carried out within the scope of employment because they would be among the duties of a police officer, "had they been done in good faith." *Id.* at 477. Similarly, in *Graham v. Sauk Prairie Police Commission,* the court found that the police officer was acting

within the scope of his employment when he shot and killed a handcuffed and unresisting suspect. 915 F.2d at 1095-96.

Finally, the court cannot conclude as a matter of law that Heine's sexual misconduct falls outside the scope of employment and Milwaukee County will not have to indemnify him. This is because the question of whether Heine acted within the scope of employment is an issue of material fact. *See Desotelle v. Continental Cas. Co.*, 136 Wis.2d 13, 27, 400 N.W.2d 524, 529 (Wis. Ct. App. 1986); *See also Block v. Gomez*, 201 Wis.2d 795, 804-05, 549 N.W.2d 783, 787 (Wis. Ct. App. 1996) ("Normally, the scope of employment issue is presented to the jury because it entails factual questions on an employee's intent and purpose."). A court may decide whether an individual was acting within the scope of employment as a matter of law if the underlying facts are not in dispute and reasonable inferences leading to conflicting results cannot be drawn from the disputed facts. *Graham*, 915 F.2d at 1093. However, this situation does not apply to Heine's activities while on-duty supervising inmates at the Milwaukee County Jail. A reasonable trier of fact could find that Heine's sexual misconduct was not wholly disconnected from the scope of his employment. A jury could conclude that his supervision of and interaction with inmates, both inside and outside of their cells, was part of his job and the sexual assault was only made possible by virtue of his status as a deputy sheriff. *Graham*, 915 F.2d at 1094-95 (referring to the facts of *Desotelle* and stating: "a jury could reasonably conclude that the deputy's investigation of underage drinking was an activity for which he was hired and the sexual assault was made possible only by

-9-

Case 2:07-cv-00644-JPS   Filed 08/26/08   Page 9 of 11   Document 46

virtue of his status as a police officer"). Additionally, as Heine points out, the Estate's defamation claim presumably arises out of the incident report Heine authored and his discussions with other Sheriff's Department personnel regarding Watts' threats to blackmail him. Writing incident reports and conferring with colleagues regarding inmate behavior are arguably within the scope of Heine's employment.

Milwaukee County cites *Wilson v. City of Chicago* for the proposition that sexual misconduct inherently falls outside the scope of employment. 120 F.3d 681, 685 (7th Cir. 1997). However, the section that the County references does not support its assertion, but rather, the language undermines its argument. In *Wilson*, the court deemed the defendant City's argument nearly frivolous when it alleged that a police officer was not acting within the scope of his employment when he tortured a suspect to obtain a confession. *Id*. The court based its reasoning on the fact that a proximate Seventh Circuit case found that even a police officer who committed statutory rape in the course of enforcing a curfew was found to be acting within the scope of his employment. 120 F.3d at 685 ("The argument borders on the frivolous. This is not a case in which a police officer, while engaged on police business, commits a wrong designed to advance his purely private interest, as in our recent case of *West v. Waymire*. (citation omitted) A police officer committed statutory rape upon a girl in the course of enforcing a curfew – yet we said that he was acting within the scope of his employment"). In addition, the *Wilson* case required the Seventh Circuit to apply Illinois law, not Wisconsin law. *Id.*

Milwaukee County properly remains a party to the plaintiff Estate's suit based on case law and efficiency considerations. In addition, the court cannot determine whether Heine acted within the scope of his employment as a matter of law. Therefore, the court will deny Milwaukee County's Motion to Dismiss and its Motion for Judgment on the Pleadings.

Accordingly,

**IT IS ORDERED** that Milwaukee County's Motion to Dismiss, or in the Alternative, Motion for Judgment on the Pleadings (Docket #15) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 26th day of August, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge