# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

ESTATE OF LUSHEENA WATTS,

      Plaintiff,

v.                                                        Case No. 07-CV-644

AARON M. HEINE and MILWAUKEE COUNTY,

      Defendants.

_____

## ORDER

The plaintiff, Estate of Lusheena Watts ("Plaintiff Estate"), filed an action against defendants Aaron Heine ("Heine") and Milwaukee County (collectively, "Defendants") alleging causes of action under 42 U.S.C. § 1983 for violations of Lusheena Watts' constitutional rights, as well as state law claims for assault and battery, false imprisonment, intentional infliction of emotional distress, and defamation. The claims arose out of a sexual assault committed upon Ms. Watts by Milwaukee County Deputy Sheriff Heine that occurred while she was incarcerated at the Milwaukee County Jail. At the time that Heine committed the sexual assault, Milwaukee County held a policy of Public Entity Liability insurance issued by Wisconsin County Mutual Insurance Corporation ("WCMIC"). WCMIC filed a motion to intervene in the suit, which the court granted. Heine then filed a counterclaim against intervenor plaintiff WCMIC and a cross-claim against defendant Milwaukee County. Heine's claims against WCMIC and Milwaukee County are made pursuant to Wisconsin statute § 895.45(1)(a) and seek indemnification from any liability and payment of his privately retained attorneys' fees and costs incurred in defending the coverage contest and the case on its merits.

On October 8, 2008, this court issued an order for dismissal pursuant to a stipulation filed by the parties.  The order dismissed all claims by and between Plaintiff Estate and WCMIC and Defendants.  Therefore, the only remaining claims are Heine's cross-claim against Milwaukee County and his counterclaim against WCMIC.  Given that all claims against Heine have been dismissed, there can be no finding of liability against him.  Thus, his remaining claims request only that his personal attorneys' fees be paid pursuant to Wis. Stat. § 895.46(1)(a).

On November 3, 2008, WCMIC filed the instant motion to dismiss, alleging that the court lacks jurisdiction to decide the remaining claims under 28 U.S.C. § 1331.  Specifically, WCMIC argues that each of Heine's remaining claims arise under Wisconsin law, which precludes jurisdiction by this court.  Despite WCMIC's assertions, the court is not barred from deciding Heine's state law claims simply because the court dismissed all federal claims in the case.  Instead, the court may decide whether to exercise supplemental jurisdiction over the remaining claims.  However, the court determines that exercising jurisdiction over Heine's claims is inappropriate in the instant case and will dismiss the remaining state claims without prejudice.

Federal courts have jurisdiction over state law claims based on the supplemental jurisdiction statute, 28 U.S.C. § 1367(a).  *Wright v. Associated Ins. Companies Inc.*, 29 F.3d 1244, 1251 (7th Cir. 1994).  The statute extends the jurisdiction of federal district courts to all claims sufficiently related to the claims on which their original jurisdiction is based to be part of the same case or controversy within the meaning of Article III of the Constitution.  *Id.*  The statute further provides that a district court may decline to

exercise supplemental jurisdiction over a claim if the court "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Therefore, the court's exercise of supplemental jurisdiction is discretionary and is reviewed only for abuse of discretion. *Sellars v. City of Gary*, 453 F.3d 848, 852 (7th Cir. 2006).

Supplemental jurisdiction is discretionary, however, a court's exercise of such discretion over state law claims when no federal claims remain is the exception and not the rule. A district court considers and weighs the following factors in deciding whether to exercise jurisdiction over pendent state law claims: judicial economy, convenience, fairness and comity. *Wright*, 29 F.3d at 1251 (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350, 108 S.Ct. 614, 619, 98 L.Ed.2d 720 (1988)). When all federal claims are dismissed prior to trial, the balance of these factors generally leads a court to relinquish jurisdiction over remaining pendent state law claims instead of resolving them on the merits. *Id.* Indeed, the Seventh Circuit stated that "it is the well-established law of this circuit that the usual practice is to dismiss without prejudice supplemental claims whenever all federal claims have been dismissed prior to trial." *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999).

After considering the factors of judicial economy, convenience, fairness and comity in the instant case, the court declines to exercise supplemental jurisdiction over Heine's remaining state claims. The court dismissed all federal claims prior to trial and has not expended vast judicial resources on the case. In addition, Heine's claims are not patently frivolous on their face such that sending the claims to a state court would be inconvenient and inefficient. Further, sending the claims to state court would not
-3-

create a substantial duplication of effort. Finally, Heine fails to provide any compelling reason to justify this court's exercise of supplemental jurisdiction over his remaining claims. In fact, Heine failed to respond in any way to WCMIC's motion to dismiss.

The court concludes that no federal claims remain and declines to exercise supplemental jurisdiction over Heine's state-law claims. Therefore, the court will dismiss the remaining claims without prejudice.

Accordingly,

**IT IS ORDERED** that WCMIC's motion to dismiss Heine's remaining state law claims (Docket #49) is **GRANTED**;

**IT IS FURTHER ORDERED** that Heine's claims pursuant to Wisconsin statute § 895.45(1)(a) are **DISMISSED without prejudice**.

The clerk of court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 12th day of December, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge